United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30654
Summary Calendar

BILLY GORE; JANET GORE,

Plaintiffs-Appellants,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE, on behalf of United
States Secretary of Agriculture; FARM SERVICES AGENCY; HARRY
MOCK, JR., Franklin Parish County Executive Director; ROBERT
BRADLEY, Farm Services Agency Program Specialist; WILLIE COOPER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-38
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Billy and Janet Gore (the Gores) appeal from the summary

judgment dismissal of claims against the United States Department

of Agriculture (USDA), and individual defendants Harry Mock, Jr.,

Robert Bradley, and Willie Cooper. The Gores, who were catfish

farmers, sought review of a USDA decision denying their application

for disaster benefits under the Crop Loss Disaster Assistance

Program (CLDAP). They also sought monetary damages from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

individual defendants for their alleged actions in connection with the USDA's denial.

The Gores first argue that the Louisiana Farm Service Agency (Louisiana FSA) exceeded its authority in overruling a determination of the Franklin Parish County Committee. The Gores raised this issue in proceedings before the National Appeals Division of the USDA, which determined that the Louisiana FSA did not exceed its authority. This court "will affirm the agency's interpretation unless, in light of the language and purpose of the regulation, it is unreasonable." Sid Peterson Memorial Hospital v. Thompson, 274 F.3d 301, 308 (5th Cir. 2001). The Gores have failed to show that the USDA's interpretation of regulations governing the CLDAP is unreasonable. See 7 C.F.R. §§ 1477.102, 1477.109(c).

The Gores also argue that the district court erred in granting summary judgment on their claim that their due process rights were violated in not having the opportunity to participate in the meeting of the Louisiana FSA committee. "Absent an identifiable property interest, the [a]ppellants cannot argue they were denied due process." Wilson v. United States Dep't of Agriculture, 991 F.2d 1211, 1216 (5th Cir. 1993). "The mere fact that a government program exists does not give a person a property interest in participating in the program." Id.

The Gores argue in conclusory fashion, and without citation to supporting authority, that they acquired a vested property interest in CLDAP benefits by virtue of the decision of the Franklin Parish

County Committee, and thus have failed to demonstrate that they had an identifiable property interest subject to due process protection.

The Gores have failed to brief any argument pertaining to the dismissal of claims against the individual defendants. This court will not raise and discuss legal issues that the appellant has failed to assert. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.